UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
VICTOR EINHORN and BLIMA EINHORN,

            Plaintiffs,                          **COMPLAINT**

      vs.

AUTOMOBILE INSURANCE COMPANY OF
HARTFORD, CONNECTICUT and STANDARD
FIRE INSURANCE COMPANY,                 **PLAINTIFFS DEMAND**
                                                                           **TRIAL BY JURY**
           Defendants.
-------------------------------------------------------------------X

       Plaintiffs, VICTOR EINHORN and BLIMA EINHORN, by way of their Complaint against the defendants, AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT and STANDARD FIRE INSURANCE COMPANY, hereby say:

## THE PARTIES

      1.     At all times hereinafter mentioned, plaintiff VICTOR EINHORN was and still is an individual over the age of eighteen (18) and a resident and citizen of the State of New York.

      2.     At all times hereinafter mentioned, plaintiff BLIMA EINHORN was and still is an individual over the age of eighteen (18) and a resident and citizen of the State of New York.

      3.     At all times hereinafter mentioned, defendant AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT ("hereinafter referred to as "AICHC") was and still is a foreign corporation, organized and existing under and by virtue of the laws of the State

of Connecticut, with its principal place of business located in the State of Connecticut. At all times hereinafter mentioned, defendant AICHC was authorized by the Superintendent of Insurance to issue policies of insurance in the State of New York, including the policy issued to plaintiffs herein.

4. At all times hereinafter mentioned, defendant STANDARD FIRE INSURANCE COMPANY ("hereinafter referred to as "STANDARD") was and still is a foreign corporation, organized and existing under and by virtue of the laws of the State of Connecticut, with its principal place of business located in the State of Connecticut. At all times hereinafter mentioned, defendant STANDARD was authorized by the Superintendent of Insurance to issue policies of insurance in the State of New York, including the policy issued to plaintiffs herein.

## II. JURISDICTION

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the plaintiffs and the defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## III. VENUE

6. The venue of this matter is proper in this district under 28 U.S.C. §1391(a)(2) because the events giving rise to plaintiffs' claim took place in the Southern District of New York, and the property that is the subject of this action is located there.

## IV. THE POLICY

7. At all times hereinafter mentioned, plaintiffs were the title owners of the premises located at 13 Ralph Boulevard, Monsey, New York 10952 (hereinafter referred to as "the subject premises").

8. Prior to June 23, 2011, for good and valuable consideration, defendant AICHC issued to plaintiffs a policy of insurance bearing number 977398430 633 1, with effective dates of coverage from December 23, 2010 through December 23, 2011, which policy insured the subject premises against all risks of loss and insured the contents of the subject premises against loss by a covered peril.

9. Prior to June 23, 2011, for good and valuable consideration, defendant STANDARD issued to plaintiffs a policy of insurance bearing number 2565854172, with effective dates of coverage from January 6, 2011 through January 6, 2012, which policy insured the subject premises against all risks of loss and insured the contents of the subject premises against loss by a covered peril.

10. At all times hereinafter mentioned, plaintiffs maintained an insurable interest in the subject premises insured by the above-mentioned policies.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST AICHC
### (Breach of Contract)

11. On or about June 23, 2011, when the aforementioned policy issued by defendant AICHC was in full force and effect, the subject premises were damaged by a covered peril.

12. By virtue of the June 23, 2011 loss, plaintiffs sustained damages to the subject premises.

13. Subsequent to the June 23, 2011 loss, plaintiffs submitted a claim to defendant AICHC seeking to be indemnified for the damages sustained to the subject premises they incurred as a result of the loss.

14. Defendant AICHC has failed to fully indemnify plaintiffs for the damages sustained to the subject premises, despite the fact that same has been duly demanded.

15. Defendant AICHC's failure to fully indemnify plaintiffs for damages sustained to the subject premises constitutes a breach of contract.

16. As a result of defendant AICHC's breach of contract, plaintiffs have been damaged in the sum of at least $167,607.16, with the precise amount to be determined at the trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST AICHC
### (Breach of Contract)

17. On or about June 23, 2011, when the aforementioned policy issued by defendant AICHC was in full force and effect, plaintiffs' contents were damaged by a covered peril.

18.     By virtue of the June 23, 2011 loss, plaintiffs' contents were damaged by a covered peril.

19.     Subsequent to the June 23, 2011 loss, plaintiffs submitted a claim to defendant AICHC seeking to be indemnified for the damages sustained to their contents as a result of the loss.

20.     Defendant AICHC has failed to fully indemnify plaintiffs for the damages sustained to their contents, despite the fact that same has been duly demanded.

21.     Defendant AICHC's failure to fully indemnify plaintiffs for damages sustained to their contents constitutes a breach of contract.

22.     As a result of defendant AICHC's breach of contract, plaintiffs have been damaged in the sum of at least $64,737.84, with the precise amount to be determined at the trial of this action.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST STANDARD
### (Breach of Contract)

23.     On or about June 23, 2011, when the aforementioned policy issued by defendant STANDARD was in full force and effect, the subject premises were damaged by a covered peril.

LERNER, ARNOLD
& WINSTON, LLP
ATTORNEYS AT LAW

5

24.     By virtue of the June 23, 2011 loss, plaintiffs sustained damages to the subject premises.

25.     Subsequent to the June 23, 2011 loss, plaintiffs submitted a claim to defendant STANDARD seeking to be indemnified for the damages sustained to the subject premises they incurred as a result of the loss.

26.     Defendant STANDARD has failed to fully indemnify plaintiffs for the damages sustained to the subject premises, despite the fact that same has been duly demanded.

27.     Defendant STANDARD's failure to fully indemnify plaintiffs for damages sustained to the subject premises constitutes a breach of contract.

28.     As a result of defendant STANDARD's breach of contract, plaintiffs have been damaged in the sum of at least $167,607.16, with the precise amount to be determined at the trial of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST STANDARD
### (Breach of Contract)

29.     On or about June 23, 2011, when the aforementioned policy issued by defendant STANDARD was in full force and effect, plaintiffs' contents were damaged by a covered peril.

30. By virtue of the June 23, 2011 loss, plaintiffs' contents were damaged by a covered peril.

31. Subsequent to the June 23, 2011 loss, plaintiffs submitted a claim to defendant STANDARD seeking to be indemnified for the damages sustained to their contents as a result of the loss.

32. Defendant STANDARD has failed to fully indemnify plaintiffs for the damages sustained to their contents, despite the fact that same has been duly demanded.

33. Defendant STANDARD's failure to fully indemnify plaintiffs for damages sustained to their contents constitutes a breach of contract.

34. As a result of defendant STANDARD's breach of contract, plaintiffs have been damaged in the sum of at least $64,737.84, with the precise amount to be determined at the trial of this action.

WHEREFORE, plaintiffs demand judgment: (1) on their First Cause of Action against defendant AICHC in the sum of at least $167,607.16, with the precise amount to be determined at the trial of this action; (2) on their Second Cause of Action against defendant AICHC in the sum of at least $64,737.84, with the precise amount to be determined at the trial of this action; (3) on their Third Cause of Action against defendant STANDARD in the sum of at least $167,607.16, with the precise amount to be determined at the trial of this action; and (4) on their Fourth Cause of Action against defendant STANDARD in the sum of at least $64,737.84, with the precise amount to be determined at the trial of this action, with interest thereon from June 23, 2011, together with the costs and disbursements of this action, including reasonable attorney's fees.

Dated: New York, New York
February 27, 2012

Yours, etc.

LERNER, ARNOLD & WINSTON, LLP
Attorneys for Plaintiffs

By _____
Johnathan C. Lerner (JL 5754)
475 Park Avenue South, 28th Floor
New York, New York 10016
(212) 686-4655

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VICTOR EINHORN and BLIMA EINHORN,   Docket No.

        Plaintiffs,

AUTOMOBILE INSURANCE COMPANY OF,
HARTFORD, CONNECTICUT and STANDARD
FIRE INSURANCE COMPANY,

        Defendants.
----------------------------------------------------------X

## SUMMONS and COMPLAINT

*LERNER, ARNOLD & WINSTON, LLP*
*Attorney for Plaintiffs*
*475 Park Avenue South, 28th Floor*
*New York, New York 10016*
*(212) 686-4655*