UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR EINHORN and BLIMA EINHORN,<br><br>                    Plaintiffs,<br>          vs.<br><br>AUTOMOBILE INSURANCE COMPANY<br>OF HARTFORD, CONNECTICUT and<br>STANDARD FIRE INSURANCE<br>COMPANY,<br><br>                    Defendants. | 12 CV 1444 (TPG)<br><br>**ANSWER, AFFIRMATIVE DEFENSES,**<br>**AND DEMAND FOR JURY TRIAL** |

Defendant THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT (improperly plead as Automobile Insurance Company of Hartford, Connecticut and hereinafter "AICHC"), by its attorneys, Finazzo Cossolini O'Leary Meola & Hager, LLC, as and for its Answer to the Complaint of Plaintiffs VICTOR EINHORN and BLIMA EINHORN ("Plaintiffs") alleges as follows:

## THE PARTIES

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.      Denies the allegations contained in Paragraph 4 of the Complaint, except admits that AICHC is a corporation organized under the laws of the State of Connecticut, with its principal place of business in Connecticut, and that at all relevant times, AICHC was authorized to issue insurance policies in the State of New York, including the Policy issued to Plaintiff Blima Einhorn.

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

## II.  JURISDICTION

5.    Paragraph 5 of the Complaint contains conclusions of law and not allegations of fact to which a responsive pleading is required.  To the extent it is determined that AICHC is required to respond, it denies knowledge or information sufficient to form a belief as to the citizenship of Plaintiffs and as to the amount in controversy other than what is alleged in the Complaint.

## III. VENUE

6.    Paragraph 6 of the Complaint contains conclusions of law and not allegations of fact to which a responsive pleading is required.  To the extent it is determined that AICHC is required to respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the propriety of venue contained in paragraph 6 of the Complaint, except to admit that the property located at 13 Ralph Boulevard, Monsey, Rockland County, New York (the "Subject Premises") is located within the Southern District of New York.

## IV. THE POLICY

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.    Denies the allegations contained in paragraph 8 of the Complaint, except admits that AICHC issued to BLIMA EINHORN a policy of insurance bearing policy number 977398430 633 1 with an inception date of December 23, 2010 and an expiration date of December 23, 2011 (the "AICHC Policy") and that subject to its terms, conditions, limitations, exclusions, the AICHC Policy provided coverage to Plaintiffs for direct loss to the real and

2

personal property described therein caused by or resulting from an insured peril during the period in which the AICHC Policy was in effect.

9.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

## AS AND FOR THE FIRST CAUSE OF ACTION AGAINST AICHC

### (Breach of Contract)

11.  Denies the allegations contained in paragraph 11 of the Complaint.

12.  Denies the allegations contained in paragraph 12 of the Complaint, except denies knowledge or information regarding the property damage that Plaintiffs contend occurred as a result of the "June 23, 2011 Loss".

13.  Denies the allegations contained in paragraph 13 of the Complaint, except admits that Plaintiffs submitted a claim to AICHC under the AICHC Policy for alleged damage to the Subject Premises as a result of flood and the backup of sewers or drains.

14.  Denies the allegations contained in paragraph 14 of the Complaint, except admits that Plaintiffs submitted a claim under the AICHC Policy for alleged damage to the Subject Premises as a result of flood and the backup of sewers or drains and that AICHC determined that the AICHC Policy did not provide any coverage for Plaintiffs' claims.

15.  Denies the allegations contained in paragraph 15 of the Complaint.

16.  Denies the allegations contained in paragraph 16 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST AICHC

### (Breach of Contract)

17.     Denies the allegations contained in paragraph 17 of the Complaint.

18.     Denies the allegations contained in paragraph 18 of the Complaint.

19.     Denies the allegations contained in paragraph 19 of the Complaint, except admits that Plaintiffs submitted a claim to AICHC under the AICHC Policy for alleged damage to personal property as a result of flood and the backup of sewers or drains.

20.     Denies the allegations contained in paragraph 20 of the Complaint, except admits that Plaintiffs submitted a claim to AICHC under the AICHC Policy for alleged damage to personal property as a result of flood and the backup of sewers or drains and that AICHC determined that the AICHC Policy did not provide any coverage for Plaintiffs' claims.

21.     Denies the allegations contained in paragraph 21 of the Complaint.

22.     Denies the allegations contained in paragraph 22 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST STANDARD

### (Breach of Contract)

23.     Paragraph 23 of the Complaint is not directed to AICHC and, therefore, a response is not required.  To the extent it is determined that AICHC is required to respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24.     Paragraph 24 of the Complaint is not directed to AICHC and, therefore, a response is not required.  To the extent it is determined that AICHC is required to respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.     Paragraph 25 of the Complaint is not directed to AICHC and, therefore, a response is not required.  To the extent it is determined that AICHC is required to respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint is not directed to AICHC and, therefore, a response is not required.  To the extent it is determined that AICHC is required to respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.     Paragraph 27 of the Complaint is not directed to AICHC and, therefore, a response is not required.  To the extent it is determined that AICHC is required to respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28.     Paragraph 28 of the Complaint is not directed to AICHC and, therefore, a response is not required.  To the extent it is determined that AICHC is required to respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST STANDARD

### (Breach of Contract)

29.     Paragraph 29 of the Complaint is not directed to AICHC and, therefore, a response is not required.  To the extent it is determined that AICHC is required to respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint is not directed to AICHC and, therefore, a response is not required.  To the extent it is determined that AICHC is required to respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint is not directed to AICHC and, therefore, a response is not required.  To the extent it is determined that AICHC is required to respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint is not directed to AICHC and, therefore, a response is not required.  To the extent it is determined that AICHC is required to respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint is not directed to AICHC and, therefore, a response is not required.  To the extent it is determined that AICHC is required to respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34.     Paragraph 34 of the Complaint is not directed to AICHC and, therefore, a response is not required.  To the extent it is determined that AICHC is required to respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

35.     Plaintiffs' Complaint fails to state a claim against AICHC upon which relief can

be granted.  AICHC reserves the right to move for dismissal of the Complaint at or prior to trial.

## SECOND AFFIRMATIVE DEFENSE

36.     The Declarations of the AICHC Policy contained an "Important Flood Insurance

Notice" which provided, in pertinent part, as follows:

> IMPORTANT FLOOD INSURANCE NOTICE
> Your homeowners or dwelling policy does NOT provide coverage
> for loss caused by flood or mudslide, which is defined, in part by
> the National Flood Insurance Program as:
>
>> A general and temporary condition of partial or
>> complete inundation of normally dry land areas
>> from overflow of inland or tidal waters or from the
>> unusual and rapid accumulation or runoff of surface
>> waters from any source.
>
> If you are required by your mortgage lender to have flood
> insurance on your property, or if you feel that your property is
> susceptible to flood damage, insurance covering damage from
> flood is available on most buildings and contents in participating
> communities through the National Flood Insurance Program.

37.     The Declarations of the AICHC Policy further provided, in pertinent part, as

follows:

> These declarations with policy provisions HV 00 03 (10-98) and
> any attached endorsements form your Homeowners Insurance
> Policy.  Please keep them with your policy for future reference.

38.     Under the Heading "Agreement", Form HV 00 03 10 98 of the AICHC Policy

provided as follows: "We will provide the insurance described in this policy in return for the

premium and compliance with all applicable provisions of this policy.  The Declarations is a part

of this policy."

39.     Plaintiffs submitted a claim to AICHC under the AICHC Policy for alleged water damage to the Subject Premises and to personal property as a result of a flood.   The AICHC Policy did not provide flood coverage to Plaintiffs and, as a result, there is no coverage under the AICHC Policy for Plaintiffs' claims.

### THIRD AFFIRMATIVE DEFENSE

40.     Under the heading "SECTION I – PERILS INSURED AGAINST", Form HV 00 03 10 98 of the AICHC Policy provided, in pertinent part, as follows:

> We insure against risk of direct loss to property described in Coverages A [Dwellings], B [Other Structures] and C [Personal Property], only if that loss is a physical loss to property.

> We do not insure, however, for loss:

> 1.     Under Coverages A, B and C:

> a.     Excluded under SECTION I – EXCLUSIONS;

41.     Under the heading "SECTION I – EXCLUSIONS", Form HV 00 03 10 98  of the AICHC Policy provided, in pertinent part, as follows:

> 1.     We do not insure for loss caused directly or indirectly by any of the following.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

> *     *     *

> c.     **Water Damage,** meaning:

> (1)     Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind; or

> (2)     Water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk,

driveway, foundation, swimming pool or other structure.

Direct loss by fire, explosion or theft resulting from water damage is covered.

Water damage to property described in Coverage C away from a premises or location owned, rented, occupied or controlled by an "insured" is covered.

Water damage to property described in Coverage C on a premises or location owned, rented, occupied or controlled by an "insured" is excluded even if weather conditions contributed in any way to produce the loss.

42.     The AICHC Policy also contained an endorsement entitled "SPECIAL PROVISIONS – NEW YORK", Form HV 01 31 02 09, which provided, in pertinent part, as follows:

**SECTION I – EXCLUSIONS**

The first paragraph of this section is deleted and replaced by the following:

**1.**     We do not cover any direct or indirect loss or damage caused by, resulting from, contributing to or aggravated by any of these excluded perils.  Loss from any of these perils is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

These exclusions apply whether or not the loss event:

**(a)**     Results in widespread damage;

**(b)**     Affects a substantial area; or

**(c)**     Occurs gradually or suddenly.

These exclusions also apply whether or not the loss event arises from:

**(a)**     Any acts of nature;

9

**(b)**   Any human action or inaction;

**(c)**   The forces of animals, plants or other living or dead organisms; or

**(d)**   Any other natural or artificial process.

\*   \*   \*

**1.**   **c.**   **Water Damage** is deleted and replaced by the following:

**c.**   **Water damage,** meaning:

**(1)**   Flood, surface water, ground water, storm surge, waves, wave wash, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, whether or not a result of precipitation or driven by wind;

**(2)**   any water or water borne material that enters through or backs up from a sewer or drain, or which overflows from a sump, sump pump or related equipment, as a direct or indirect result of flood;

**(3)**   any water or water borne material located below the surface of the ground including water or water borne material:

**(a)**   Which exerts pressure on, seeps, leaks, or flows into:

**i.**   Any part of the dwelling or other structures;

**ii.**   The foundation of the dwelling or other structures;

**iii.**   Any paved surface located on the "residence premises"; or

**iv.**   Any spa, hot tub, or swimming pool.

**(b)** Which causes earth movement; or

**(4)** any overflow, release, migration or discharge of water in any manner from a dam, levee, dike, hurricane barrier or any water or flood control device.

Direct loss by fire, explosion or theft resulting from water damage is covered.

43.    Plaintiffs submitted a claim to AICHC under the AICHC Policy for alleged water damage to the Subject Premises and to personal property as a result of flood and the backup of sewers and drains.   Plaintiffs described the loss as having been caused by flash flood conditions, the failure of an underground culvert and the flow of water into a sinkhole created when the culvert failed and self-eroded.

44.    Upon information and belief, Plaintiffs' alleged loss or damage was caused directly or indirectly by "Water Damage" as defined in the "Special Provisions – New York" Endorsement of the AICHC Policy.  Accordingly, there is no coverage under the AICHC Policy for Plaintiffs' claims.

## **FOURTH AFFIRMATIVE DEFENSE**

45.    Under the heading "SECTION I – PERILS INSURED AGAINST", Form HV 00 03 10 98 of the AICHC Policy provided, in pertinent part, as follows:

We insure against risk of direct loss to property described in Coverages A [Dwelling], B [Other Structures] and C [Personal Property], only if that loss is a physical loss to property.

We do not insure, however, for loss:

**1.**    Under Coverages A, B and C:

**a.**    Excluded under SECTION I – EXCLUSIONS;

46.     Under the heading "SECTION I – EXCLUSIONS", Form HV 00 03 10 98 of the

AICHC Policy provided, in pertinent part, as follows:

> 1.     We do not insure for loss caused directly or indirectly by
> any of the following.  Such loss is excluded regardless of
> any other cause or event contributing concurrently or in any
> sequence to the loss.

*   *   *

> b.     **Earth Movement,** meaning earthquake including
> land shock waves or tremors before, during or after
> a volcanic eruption; landslide; mine subsidence;
> mudflow; earth sinking, rising or shifting; unless
> direct loss by:
>
> (1)     Fire; or
>
> (2)     Explosion;
>
> ensues and then we will only pay for the ensuing
> loss.
>
> This exclusion does not apply to loss by theft.
>
> This exclusion applies only to property described in
> Coverages A and B.

47.     The AICHC Policy also contained an endorsement entitled "SPECIAL

PROVISIONS – NEW YORK", Form HV 01 31 02 09, which provided, in pertinent part, as

follows:

> **SECTION I – EXCLUSIONS**
>
> The first paragraph of this section is deleted and replaced by the
> following:
>
> 1.     We do not cover any direct or indirect loss or damage
> caused by, resulting from, contributing to or aggravated by
> any of these excluded perils.  Loss from any of these perils
> is excluded regardless of any other cause or event
> contributing concurrently or in any sequence to the loss.

12

These exclusions apply whether or not the loss event:

(a)     Results in widespread damage;

(b)     Affects a substantial area; or

(c)     Occurs gradually or suddenly.

These exclusions also apply whether or not the loss event arises from:

(a)     Any acts of nature;

(b)     Any human action or inaction;

(c)     The forces of animals, plants or other living or dead organisms; or

(d)     Any other natural or artificial process.

1.   b.   **Earth Movement** is deleted and replaced by the following:

    b.   **Earth Movement,** meaning events that include but are not limited to the following:

        (1)     Earthquake and earthquake aftershocks;

        (2)     Volcanic activity including but not limited to:

            (a)     Volcanic Eruption;

            (b)     Volcanic Explosion;

            (c)     Effusion of volcanic material; or

            (d)     Lava flow;

        (3)     Mudslide, including mudflow, debris flow, landslide, avalanche, or sediment;

        (4)     Sinkhole;

        (5)     Subsidence;

13

(6)  Excavation collapse;

(7)  Erosion;

(8)  Any expansion, shifting, rising, sinking, contracting, or settling of the earth, soil or land.

This exclusion applies whether or not the earth, soil or land is combined or mixed with water or any other liquid or natural or man made material.

However, loss caused directly by the specific perils:

(1)  fire;

(2)  explosion;

(3)  breakage of building or dwelling glass or safety glazing material, including storm doors or windows; or

(4)  theft;

following any earth movement is covered.

48.     Plaintiffs submitted a claim to AICHC under the AICHC Policy for alleged water damage to the Subject Premises and to personal property as a result of flood and the backup of sewers and drains.   Plaintiffs described the loss as having been caused by flash flood conditions, the failure of an underground culvert and the flow of water into a sinkhole created when the culvert failed and soil eroded during a heavy rainstorm.

49.     Upon information and belief, Plaintiffs alleged loss or damage was caused directly or indirectly by "Earth Movement" as defined by the "SPECIAL PROVISIONS – NEW YORK" Endorsement of the AICHC Policy.   Accordingly, there is no coverage under the AICHC Policy for Plaintiffs' claims.

14

## FIFTH AFFIRMATIVE DEFENSE

50.     Under the heading "SECTION I – PERILS INSURED AGAINST", Form HV 00

03 10 98 of the AICHC Policy provided, in pertinent part, as follows:

> We insure against risk of direct loss to property described in
> Coverages A [Dwelling], B [Other Structures] and C [Personal
> property], only if that loss is a physical loss to property.
>
> We do not insure, however, for loss:
>
> **1.**     Under Coverages A, B and C:
>
> **a.**     Excluded under SECTION I – EXCLUSIONS;

51.     Under the heading "SECTION I – EXCLUSIONS", Form HV 00 03 10 98 of the

AICHC Policy provided, in pertinent part, as follows:

*   *   *

> **2.**     We do not insure for loss to property described in
> Coverages A and B caused by any of the following.
> However, any ensuing loss to property described in
> Coverages A and B not excluded or excepted in this policy
> is covered.
>
> **a.**     **Weather conditions.**  However, this exclusion only
> applies if weather conditions contribute in any way
> with a cause or event excluded in paragraph **1.**
> above to produce the loss;

*   *   *

> **c.**     **Faulty, inadequate or defective:**
>
> **(1)**     Planning, zoning, development, surveying,
> siting;
> **(2)**     Design, specifications, workmanship, repair,
> construction,   renovation,   remodeling,
> grading, compaction;
>
> **(3)**     Materials used in repair, construction,
> renovation or remodeling; or;

15

(**4**)      Maintenance;

of part or all of any property whether on or off the
"residence premises."

52.      Plaintiffs submitted a claim to AICHC under the AICHC Policy for alleged water
damage to the Subject Premises as a result of flood and the backup of sewers and drains.
Plaintiffs described the alleged loss as having been caused by flash flood conditions, the failure
of an underground culvert and the flow of water into a sinkhole created when the culvert failed
and soil eroded during a heavy rainstorm.

53.      Upon information and belief, Plaintiffs' alleged loss or damage was caused
directly or indirectly by weather conditions.  Accordingly, there is no coverage under the AICHC
Policy for Plaintiffs' claims.

## SIXTH AFFIRMATIVE DEFENSE

54.      AICHC repeats and realleges the allegations contained in Paragraph 50 and 51 of
the Fifth Affirmative Defense as if set forth at length herein.

55.      Plaintiffs submitted a claim to AICHC under the AICHC Policy for alleged water
damage to the Subject Premises as a result of flood and the backup of sewers and drains.
Plaintiffs claimed that water backed up from sewers and drains as a result of the failure of a
backflow preventer and the separation of a pipe inside the culvert.

56.      To the extent it is determined that Plaintiffs' alleged loss or damage was caused
by faulty, inadequate or defective design, specifications, construction, materials or maintenance,
there is no coverage under the AICHC Policy for Plaintiffs' claims.

## SEVENTH AFFIRMATIVE DEFENSE

57.     Form HV 00 03 10 98 of the AICHC Policy provided, in pertinent part, as follows:

### COVERAGE C – PERSONAL PROPERTY

We cover personal property owned or used by an "insured" while it is anywhere in the world.  At your request, we will cover personal property owned by:

1.     Others while the property is on the part of the "residence premises" occupied by an "insured";

2.     A guest or a "residence employee," while the property is in any residence occupied by an "insured."

\*   \*   \*

**Property Not Covered.**  We do not cover:

\*   \*   \*

5.     Property of roomers, boarders and other tenants, except property of roomers and boarders related to the "insured";

6.     Property in an apartment regularly rented or held for rental to others by an "insured;"

58.     To the extent Plaintiffs' claim for alleged loss or damage to personal property includes a claim for damage to the property of roomers, boarders and other tenants not related to Plaintiffs or property in an apartment regularly rented or held for rental to others by Plaintiffs, there would be no coverage under the AICHC Policy for that portion of Plaintiffs' claims.

## EIGHTH AFFIRMATIVE DEFENSE

59.     To the extent it is determined that any coverage exists under the AICHC Policy for Plaintiffs' claims, which AICHC denies, the coverage would be subject to the "other insurance", limits of liability and deductible provisions of the AICHC Policy.

### NINTH AFFIRMATIVE DEFENSE

60.     The Complaint does not describe the claims made against AICHC with sufficient particularity to allow AICHC to determine such other defenses that it may have in response to Plaintiffs' claims and/or causes of action.  AICHC therefore reserves the right to assert any and all defenses (policy-based or otherwise) which may be pertinent to Plaintiffs' claims and/or causes of action once the precise nature of those claims and/or causes of action are ascertained.

### TENTH AFFIRMATIVE DEFENSE

61.     AICHC hereby reserves all of its rights and defenses under the AICHC Policy, at law or otherwise, and further reserves its right to amend this Answer or to supplement its Affirmative Defenses in accordance with any additional information developed during or in the course of discovery.

### RELIEF REQUESTED

**WHEREFORE**, Defendant THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT respectfully requests judgment in its favor and against Plaintiffs VICTOR EINHORN and BLIMA EINHORN as follows:

1.     Dismissing Plaintiffs' Complaint against AICHC with prejudice;

2.     Awarding AICHC its costs and disbursements; and

3.     Granting AICHC such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed.R.Civ.P. 38(b), Defendant The Automobile Insurance Company of Hartford, Connecticut demands a trial by jury on all issues so triable.

DATED: May 8, 2012                              FINAZZO COSSOLINI O'LEARY
                                                MEOLA & HAGER, LLC

                                                By: /s/*Robert M. Wolf*_____
                                                    ROBERT M. WOLF, ESQ.

                                                5 Penn Plaza, 23rd Floor
                                                New York, NY 10001
                                                (646) 378-2033

                                                        -and-

                                                36 Cattano Avenue, Suite 500
                                                Morristown, NJ 07960
                                                (973) 343-4960
                                                robert.wolf@finazzolaw.com
                                                *Attorneys for Defendant*
                                                *The Automobile Insurance Company*
                                                *Of Hartford, Connecticut*

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2012, I caused The Automobile Insurance Company of Hartford, Connecticut's Answer to be electronically filed with the Clerk of the United States District Court for the Southern District of New York, and upon:

Johnathan C. Lerner, Esq.
LERNER, ARNOLD & WINSTON, LLP
Attorneys for Plaintiffs
475 Park Avenue South, 28th Floor
New York, NY 10016
jlerner@lawpartnershipllp.com

Judith A. Lockhart, Esq.
Leonard Trivigno, Esq.
CARTER LEDYARD & MILBURN LLP
Attorneys for Defendant
The Standard Fire Insurance Company
2 Wall Street
New York, NY 10005
(212) 732-3200
lockhart@clm.com
trivigno@clm.com

**FINAZZO COSSOLINI O'LEARY
MEOLA & HAGER, LLC**

By: */s/ Robert M. Wolf*
    ROBERT M. WOLF, ESQ.
    5 Penn Plaza, 23rd Floor
    New York, NY 10001
    (646) 378-2033
    -and-
    36 Cattano Ave. – Suite 500
    Morristown, N.J. 07960
    (973) 343-4960
    Attorneys for Defendant
    The Automobile Insurance Company of
    Hartford, Connecticut (improperly pled
    as Automobile Insurance Company of
    Hartford, Connecticut).

    Robert.Wolf@Finazzolaw.com